UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADDARREN COTTONHAM | * | CIVIL ACTION NO: DIV: |
| v. | * | |
| CAPTAIN JASON ALLEN;<br>SGT. TRAVIS ROWLAND; | * | JUDGE |
| MSGT RAYMOND GREEN;<br>MAJOR DOUGLAS STROUGHTER; and | * | MAGISTRATE JUDGE |
| COLONEL JOHN SMITH | * | |

*************************************************************

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes **ADDARREN COTTONHAM** for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights or other causes as follows:

1.

**Jurisdiction and Venue**

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983 for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims. Plaintiff completed the ARP DCI-2014-100 through second step on April 14, 2014.

2.

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff and Defendants reside and are located in East Feliciana Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at DCI which is within this judicial district.

3.

Parties

**PLAINTIFF:**

**ADDARREN COTTONHAM** is a major who is currently incarcerated in the Dixon Correctional Instituted, DOC #388770, and who was an inmate at that facility where he was

attacked and injured.

**DEFENDANTS:**

**CAPTAIN JASON ALLEN**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of his employment during all material times herein and under the color of state law and amenable to service of process at DCI personally or in his absence through any employee of suitable age and discernment.

**SGT TRAVIS ROWLAND**, is a major, who was not employed by the Dixon Correctional Institute, but who was acting during all material times herein and under the color of State law.

**MASTER SERGEANT RAYMOND GREEN**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of his employment during all material times herein and under the color of State law and amenable to service of process at DCI personally or in his absence through any employee of suitable age and discernment.

**MAJOR DOUGLAS STROUGHTER**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of his employment during all material times herein and under the color of State law and amenable to service of process at DCI personally or in his absence through any employee of suitable age and discernment.

**COLONEL JOHN SMITH**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of his employment during all material times herein and under the color of State law and amenable to service of process at DCI personally or in his absence through any employee of suitable age and discernment.

4.

GENERAL ALLEGATIONS

On December 27, 2013, the Plaintiff was a DOC inmate housed at the DCI.

5.

On December 27, 2013, around 7:30 a.m., Msgt. GREEN, Sgt. McMORRIS and Sgt. ROWLAND came down the tier to shake down Brandon Lands who was not in the dorm.

5.

Because COTTONHAM slept on the bunk on top of Brandon Lands the guards decided to shake down COTTONHAM.

6.

On December 27, 2013, around 7:30 a.m., while housed in a working cell on A tier, Sgt. McMorris woke ADDARREN COTTONHAM (hereafter COTTONHAM), who got out of his bed.

7.

Sgt. McMorris then grabbed COTTONHAM demanding that he open his mouth so he did. Force was used to search the mouth causing choking and gagging. There was nothing in his mouth.

8.

Msgt Green wanted to remove COTTONHAM from his cell and take him to the bathroom for a strip search.

9.

COTTONHAM was removed from his cell to the bathroom and walked down there with his hands on his head.

10.

Ms. Morris then took COTTONHAM to the bathroom where Msgt GREEN and Sgt. ROWLAND were also present. A search again took place of the mouth causing choking

and gagging and nothing was found.

11.

DCI has a policy to handle inmates who are suspected of having contraband in their digestive system. The purpose of the policy is to protect the inmates from 8th amendment violations. The policy was violated.

12.

MSGT GREEN then, again, ordered COTTONHAM open his mouth.

13.

MSGT GREEN then lifted COTTONHAM by his throat and then slammed him on his head. Blood poured out of the head wound that required multiple staples to close.

14.

At no time did COTTONHAM refuse an order or resist.

15.

MSGT GREEN then activated his beeper.

16.

The other defendants arrived and commenced to beating COTTONHAM.

17.

The Defendants ordered COTTONHAM to strip naked.

18.

SGT ROWLAND who is not an employee ordered COTTONHAM to bend over and spread his cheeks and then further ordered him to turn around so that everybody "could look up your booty hole." The act was malicious and intended to cause humiliation. COTTONHAM complied.

19.

MAJOR DOUGLAS STROUGHTER placed his knee in COTTONHAM upper back and punched and kicked COTTONHAM with the assistance of CAPTAIN ALLEN. Msgt.

GREEN and Sgt. ROWLAND held COTTONHAM'S arms down as they other Defendants were beating him.

20.

COTTONHAM screamed begging them to stop.

21.

SGT. McMORRIS and LT. JOHNSON stood by and watched the beating and failed to intervene.

22.

MAJOR DOUGLAS STROUGHTER struck COTTONHAM repeatedly with the cd in the head while in restraints. COTTONHAM was being accused of having some contraband on his person, but nothing was ever found.

23.

COLONEL JOHN SMITH kicked COTTONHAM, while in restraints.

24.

After the beating, COTTONHAM was placed in a dry cell with no water with a camera on him. The Defendants twice search the toilet after COTTONHAM defecated and found nothing.

25.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

26.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced

to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

27.

There is no cause to remove an inmate's clothing unless the standard issue clothing presents a medical risk or security risk. Provisions are to be made to supply the inmate with a security garment to prevent humiliation and degradation. HC - 38 (2)(D).

28.

Beating an inmate who is restrained and begging for mercy is per se unreasonable behavior.

29.

In the alternative, these guards have similarly attacked other inmates.

30.

In the alternative, where the guards or other guards may have committed the same acts on other inmates that is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of an inmate. All rights are reserved herein to name additional defendants pending discovery.

31.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

32.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

33.

Whether there was other policy and practice in place at the DCI pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

34.

In the alternative, it was unreasonable to implement, post and follow an ineffective policy and/or fail to follow an effective policy.

35.

One or more of the Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

36.

Violating numerous inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference.

37.

MAJOR DOUGLAS STROUGHTER and COLONEL JOHN SMITH and/or other named defendants have been involved multiple other incidents of use of unnecessary or excessive force and/or corporal punishment.

38.

In the alternative, where the guards may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee, same would evidence a callous indifference and repeated actions warranting punitive damages. All rights are reserved herein to name additional defendants pending discovery.

39.

The following claims for relief are pled collectively and in the alternative.52.

**INJURIES**

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his right eye, his head where he received four staples, headaches, arm, neck, back, ribs, back of legs, and face, discomfort, humiliation, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and lost wages.

40.

**FIRST CLAIM FOR RELIEF**

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiffs 4th (unreasonable search), 8th and/or 14th Amendment (violating policies in effect to protect inmates) right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants.

41.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

42.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

43.

The guards violated multiple state laws and rules and regulations.

44.

The conduct of the Defendants was extreme and outrageous.

45.

Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

46.

**SECOND CLAIM FOR RELIEF COSTS AND ATTORNEY FEES**

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983.

47.

**REQUEST FOR JURY TRIAL**

Plaintiffs pray for a jury trial on all issues.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiff against the defendants with legal interest from the date of demand as follows:

a. Physical pain and suffering;

b. Property damage and loss;

c. Physical injuries;

d. For emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities;

e. Medical, hospital and pharmaceutical bills and services past, present, and future;

f. inconvenience;

g. Lost wages;

h. All litigation expenses;

i. For attorneys fees and for costs as may be allowable by law; and j. For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)

Blake S. Leger (32251)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919
FAX (225) 769-1997