UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADDARREN COTTONHAM

CIVIL ACTION

VERSUS

NO. 14-729-JJB-RLB

CAPTAIN JASON ALLEN; SGT.
TRAVIS ROWLAND; MSGT RAYMOND
GREEN; MAJOR DOUGLAS STROUGHTER;
AND COLONEL JOHN SMITH

## RULING ON MOTION TO DISMISS AND MOTION TO STRIKE

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction and, alternatively, a Motion to Strike (Doc. 10) brought by Defendants, Capt. Jason Allen, Sgt. Travis Rowland, Msgt. Raymond Green, Maj. Douglas Stroughter, and Col. John Smith. Plaintiff, Addarren Cottonham ("Cottonham"), has filed an opposition (Doc. 13). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Strike are **DENIED**.

I.  Discussion

Defendants move to dismiss the Section 1983 excessive force claim asserted against them pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), Lack of Subject Matter Jurisdiction. Specifically, defendants assert that the allegations against them are "official capacity" claims for which they enjoy 11th Amendment immunity. Doc. 10-1, 1-2; *see Hafer v. Melo*, 502 U.S. 21, 26 (1991) ("Although 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" (citations omitted)). To support this position, the defendants point to three things in the Complaint: (1) it designates each defendant according

1

to their official rank (i.e. Capt., Sgt., Msgt., Maj., and Col.); (2) it alleges that the defendants were "acting within the course and scope of their employment with a state agency;" and (2) it references certain "policies, practices, and procedures" of the state agency. Doc. 10-1, 1. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, which would herein be the Plaintiff, Cottonham. Cottonham responds to defendants' motion by asserting that the § 1983 claims were brought against the defendants in their individual capacity, not in their official capacity. Doc. 13, 1-3; *see Complaint*, Doc. 1, ¶ 13-23 (alleging specific acts taken by each defendant). Moreover, Cottonham states that "there is nothing in the Complaint to suggest that Defendants were named for following an order or law that is unconstitutional and that by following the law in their official capacity, the Defendants violated the Eight Amendment right of Mr. Cottonham to be free from cruel and unusual punishment." Doc. 13, 2. Since an official capacity claim is based on "the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury,[1]" and since Cottonham asserts that he sued the defendants in their individual capacity, this Court finds that defendants' 12(b)(1) motion is without merit.[2]

In the alternative, the defendants request that the Court strike paragraphs 29, 30, 33, 34, 37, and 38 from the Complaint as "irrelevant, immaterial, impertinent, and / or redundant" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Doc. 10-1, 2-3. The paragraphs cited refer primarily to prior similar acts of the defendants against other inmates. *See id.* The defendants claim that such "other 'acts' evidence is clearly irrelevant." *Id.* In response,

---

[1] *Hafer*, 502 U.S. at 26.
[2] Defendants' 12(b)(1) motion to dismiss also requests dismissal of all pendent state law claims if the federal claims are dismissed. Doc. 10-1, 2. However, since this Court is not dismissing the federal claims, and since Cottonham asserts that "no cause of action has been pled under state law," (Doc. 13, 3-4) this request need not be addressed.

2

Cottonham discusses the relevancy of similar acts evidence to proving intent,[3] as well as to the determination of punitive damages.[4] Doc. 13, 4-8. Due to the nature of Cottonham's § 1983 claim and the relief sought, there is enough relevancy that the Court does not find it proper to strike the abovementioned allegations.

**II.     Conclusion**

For the reasons stated herein, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10) is **DENIED.**  Additionally, the Defendants' alternative Motion to Strike (Doc. 10) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 8, 2015.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[3] *See Carson v. Polley*, 689 F.2d 562, 573 (5th Cir. 1982) ("[W]e find that the performance evaluation report on [defendant] was relevant to his intent.  Loss of temper and consequent intentional hostility towards other detainees on earlier occasions made it more likely that a similar intent was present in [defendant's] conduct towards [plaintiff]" in a § 1983 action for excessive force).

[4] Cottonham cites the *Gore* factors used to determine the reasonableness of a punitive damages award, including the factor which considers whether "the conduct involved repeated actions or was an isolated incident." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003), citing *BMW of N. America, Inc. v. Gore*, 517 U.S. 559, 576-77 (1996).