## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ADDARREN COTTONHAM                              CIVIL ACTION

VERSUS                                          NO. 14-729-JJB-RLB

JASON ALLEN ET AL.

### ORDER

Before the Court is Plaintiff's Motion to Amend Caption and to Amend the Complaint. (R. Doc. 29).  The Motion is opposed. (R. Doc. 30).

Also before the Court is Plaintiff's Motion to Strike Expert Report by George J. Armbruster, Jr. (R. Doc. 40).  The Motion is opposed. (R. Doc. 44).

I.      **Background**

Plaintiff initiated this civil rights action on November 19, 2014, while incarcerated in the Dixon Correctional Institute ("Dixon") naming as defendants Captain Jason Allen; Sergeant Travis Rowland; Master Sergeant Raymond Green; Major Douglas Stroughter; and Colonel John Smith (collectively, "Defendants"). (R. Doc. 1).  Plaintiff alleges that on December 27, 2013, he was subjected to body cavity searches and beaten by the Defendants in violation of the 8th and/or 14th Amendments of the U.S. Constitution.

On August 31, 2015, the Court entered a Scheduling Order (R. Doc. 15) providing deadlines based upon those submitted by the parties in a Joint Status Report (R. Doc. 14). Among other deadlines, the Court set the deadline to amend the pleadings on November 30, 2015; the deadline to complete non-expert discovery on February 2, 2016; the deadline for Plaintiff to provide expert reports on March 30, 2016; the deadline for Defendant to provide expert reports on April 29, 2016; the deadline to complete expert discovery on May 16, 2016;

and the deadline to file dispositive motions and Daubert motions on July 15, 2016 (R. Doc. 15 at 1-2).  The Court also set trial to commence on February 21, 2017. (R. Doc. 15 at 2).

On October 21, 2015, Plaintiff filed an unopposed motion to dismiss Captain Jason Allen and Sergeant Travis Rowland as defendants without prejudice. (R. Doc. 18).  The district judge granted the motion. (R. Doc. 19).

On December 22, 2015, the Court granted the parties' joint motion for an extension of the discovery deadline (R. Doc. 20), and extended the non-expert discovery deadline to April 29, 2016 and the expert discovery deadline to May 30, 2016. (R. Doc. 21).  The Court did not extend the deadline to provide expert reports.

On April 8, 2016, Plaintiff filed his Motion to Amend. (R. Doc. 29).  Through this Motion, Plaintiff seeks to add Major Michael Allen as a defendant.  Plaintiff argues that amendment should be allowed because he wrongly identified Captain Jason Allen (Major Allen's brother) as the proper defendant in the original Complaint.  Plaintiff does not represent when he learned of this error.  In opposition, Defendants argue that the amendment should be denied as untimely because Plaintiff was not diligent in seeking amendment despite being provided a document on September 25, 2015 indicating that Michael Allen (and not Jason Allen) was the correct defendant. (R. Doc. 30; R. Doc. 30-1).  Defendant also argues that the amendment should be denied because the proposed Amended Complaint reasserts claims against Sergeant Travis Rowland.

On June 1, 2016, Plaintiff filed his Motion to Strike. (R. Doc. 40).  Through this Motion, Plaintiff seeks to strike an expert report submitted by Defendants' expert, George J. Armbruster, Jr., on May 30, 2016, the deadline to complete expert discovery.  (R. Doc. 40).  In Opposition, Defendants first argue that defense counsel correctly interpreted the Court's December 22, 2015

Order (R. Doc. 21) as extending all expert deadlines, including the expert report deadline.  (R. Doc. 44 at 3-5).  Defendants then argue that, assuming the expert report was untimely, there is good cause for modifying the scheduling order to allow Defendants to provide the untimely report. (R. Doc. 44 at 5-11).

## II.    Law and Analysis

### A.    Plaintiff's Motion to Amend

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003).  In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted).  The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast*

*Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, the Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The sole argument raised by Defendants in opposition to granting leave to amend is untimeliness and lack of diligence.  Indeed, Plaintiff provides no specific explanation why he waited over four months after the deadline to amend to seek amendment.  In addition, Defendant has submitted a document indicating that Plaintiff had available to him information to identify the correct Allen brother as a defendant as early as September 25, 2015. (R. Doc. 30-1, 30-2). The Court also presumes that it was the receipt of this information that led to the dismissal of Captain Jason Allen less than one month later.  That said, there is no evidence of bad faith or dilatory motive on the part of Plaintiff, nor has there been a repeated failure to cure deficiencies through previous amendments.   It does not appear that allowing this amendment would result in undue prejudice to the named Defendants, and any prejudice can be cured through a continuance.

The Defendants correctly note, however, that the proposed Amended Complaint alleges claims against the dismissed defendant Sergeant Travis Rowland.  Plaintiff has not established good cause for an extension of the deadline to amend pleadings to reassert any claims against Sergeant Travis Rowland.  Accordingly, the Court will deny the instant Motion with leave to

refile a renewed motion for leave to file a proposed Amended Complaint that does not assert any claims against Sergeant Travis Rowland. To the extent the instant motion can be construed as seeking to re-name Sergeant Travis Rowland as a defendant in this action, the motion is denied.

**B.      Plaintiff's Motion to Strike**

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

By seeking to strike the expert report by George Armbruster, Plaintiff is essentially requesting the Court to preclude that expert from providing any expert testimony at trial. The Court will, therefore, consider whether its deadlines should be modified to accommodate this late expert report.

Defendants' argument for failing to comply with the expert report deadline is meritless. To be clear, no reasonable argument can be made that the Court's December 22, 2015 Order (R. Doc. 21) extended the deadline for Defendants to provide expert reports.  Defendants provided the expert report at issue on May 30, 2016, the deadline to complete expert discovery. Accordingly, Plaintiff is prejudiced as he has had no opportunity to depose George Armbruster after receiving his expert report.  Finally, the testimony to be provided by Mr. Armbruster is important to Defendants, as Plaintiff has retained his own expert regarding use of force. (R. Doc. 44 at 10).

To cure any potential prejudice to Plaintiff for the untimely disclosure, the Court will extend the expert discovery deadline for the purpose of conducting any needed discovery directed toward Mr. Armbruster.  Considering the record in this action, the Court finds that to be a more prudent resolution of this late provision of an expert report in lieu of the more drastic remedy of striking Mr. Armbruster's report (and precluding his testimony) in this matter.

III.    **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Amend (R. Doc. 29) is **DENIED without prejudice** to the filing of a renewed motion, within 7 days of the date of this Order, reflecting the removal of Sergeant Travis Rowland as a defendant as good cause has not been provided to add him as a party.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (R. Doc. 40) is **DENIED**.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the following deadlines are established:

1.     Deadline to complete expert discovery directed toward Mr. Armbruster:

       **August 5, 2016**

2.     Deadline to file dispositive motions and Daubert motions: **August 26, 2016**

Signed in Baton Rouge, Louisiana, on July 11, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**