UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADDARREN COTTONHAM                             CIVIL ACTION

VERSUS                                                        NO. 14-729-JJB-RLB

JASON ALLEN ET AL.

ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses (R. Doc. 27) and corresponding Motion for Expedited Consideration (R. Doc. 28). The Motion to Compel is opposed. (R. Doc. 33).

I.      **Background**

Plaintiff initiated this civil rights action on November 19, 2014, while incarcerated in the Dixon Correctional Institute ("Dixon"). (R. Doc. 1). The Complaint names as defendants Master Sergeant Raymond Green; Major Douglas Stroughter; and Colonel John Smith (collectively, "Defendants").[1] Plaintiff alleges that on December 27, 2013 at around 7:30 a.m., he was subjected to body cavity searches and beaten by the Defendants in violation of the 8th and/or 14th Amendments of the U.S. Constitution. Plaintiff alleges that the events occurred in his cell and a nearby bathroom outside of his cell.

On July 28, 2015, Plaintiff propounded interrogatories and requests for production on each of the Defendants. (*See* R. Doc. 22-4). Defendants provided initial responses on September 25, 2015. (*See* R. Doc. 27-6; R. Doc. 27-10).

---

[1] Formerly named defendants Captain Jason Allen and Sergeant Travis Rowland have been dismissed from this action. (R. Doc. 19).

On March 21, 2016, Plaintiff's counsel requested a Rule 37(a)(1) conference concerning Interrogatory No. 8 and 9; and Request for Production Nos. 4, 7, 10, 13, 20, and 24. (R. Doc. 33-1 at 123-124).

On March 22, 2016, defense counsel responded by stating that he would provide responses to Plaintiff counsel's inquiries within approximately one week. (R. Doc. 33-1 at 150-151).

On April 6, 2016, defense counsel provided a supplemental response to Request for Production No. 24 and stated that additional supplemental responses would be provided soon. (R. Doc. 33-1 at 154).

On April 7, 2016, Plaintiff's counsel responded by stating, among other things, that "[t]here appears to be a lack of cooperation" and that "[w]e have given you multiple extensions of time and your client has failed to provide meaningful responses. (R. Doc. 33-1 at 168). That same day, Plaintiff filed his Motion to Compel, which seeks supplemental responses to Interrogatories Nos. 2, 5, 8, and 9, and supplemental responses to Plaintiff's Requests for Production Nos. 4, 7, 10, 11, 13, 20, and 24.  (R. Doc. 27).

**II.     Law and Analysis**

    **A.     Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within

this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[2]  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37.  An "evasive or

---

[2] The current version of Rule 26(b)(1) became effective on December 1, 2015.  The former version of Rule 26(b)(1) did not contain the "proportional to the needs of the case" language in defining the scope of discovery.  The former version of the rule nevertheless provided that the district court must "limit the frequency or extent of discovery" if it determined that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Rule 26(b)(2)(C)(iii) (former version).  For the purpose of the instant motion to compel, the same result would follow regardless of which version of Rule 26 was applied.

3

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.

**B.**   **The Rule 37(a)(1) Conference**

Plaintiff's submits a Rule 37(a)(1) certification providing that on March 21, 2016 a "letter was sent requesting a conference" and such a "conference was held on multiple occasions." (R. Doc. 27-2 at 1). The certification does not state the dates on which these conferences took place. In addition, the certification provides that "the Defendant has indicated it will attempt to promptly resolve the outstanding issue[s]" but does not indicate why the Motion was filed prior to allowing time to resolve the issues. (R. Doc. 27-2 at 1).

Defendants assert that Plaintiff did not attempt to resolve the discovery issues in good faith. (R. Doc. 33 at 7-8). Defendants assert that Plaintiff "never initiated or held a [Rule

4

37(a)(1)] tele-conference or conference call after sending the March 21, 2016 e-mail regarding discovery." (R. Doc. 33 at 7). Defendants further note that the March 21, 2016 correspondence from Plaintiff does not raise any issues regarding Interrogatory Nos. 2 and 5, or Request for Production No. 11. (R. Doc. 33 at 7). Finally, Defendants assert that Plaintiff made no good faith attempt at responding to defense counsel's own April 6, 2016 correspondence, which requested additional information regarding Request for Production No. 24. (R. Doc. 33 at 7-8).

Having reviewed the record, the Court agrees with Defendants that Plaintiff did not make a good faith attempt to resolve all of the discovery disputes raised through the instant Motion without judicial intervention. Indeed, with respect to certain issues, a meaningful conference between the parties could have clarified certain issues or narrowed the areas of dispute, particularly with respect to productions made at or near the time the Motion was filed. Given the deadlines in this action, however, the Court will address portions of the instant Motion as set forth below.

It is also noted that the instant Motion was filed with only weeks remaining under the extended discovery deadlines. Indeed, those deadlines were only extended because <u>Plaintiff</u> had failed to meet his obligations. (R. Docs. 20 and 21). While the Court is ordering the additional production of certain materials by the Defendant as set forth below, despite the failure of a good faith attempt to resolve these issues without Court intervention, the Court does not find any basis to extend any additional discovery deadlines.

    **C.**    **Individual Discovery Requests**

        **1.**    **Photographs, Audio/Video Recordings, and Diagrams**

Plaintiff's Interrogatory No. 2 requests Defendants to identify any "photographs, moving pictures, videotapes, measurements, or other descriptions of the incident scene[s]" and provide

5

accompanying information regarding its date, subject matter, and the individual who prepared them. (R. Doc. 27-4 at 3-4). Similarly, Plaintiff's Request for Production No. 7 requests production of all "legible copies of all photographs, diagrams and/or videotapes" created by Defendant regarding the incident, and Plaintiff's Request for Production No. 20 requests production of all "recorded statements including photographs, audio or video, of Plaintiff" from any source. (R. Doc. 27-4 at 2, 7).

In response to these discovery requests, Defendants produced printed photographs of the Defendant and part of the bathroom taken on December 27, 2013. (R. Doc. 27-6 at 5; R. Doc. 27-7).

Plaintiff complains that the photographs produced are of low quality and that Defendants have not indicated whether they have any additional photographs, audio/visual recordings, and/or diagrams of the incident scenes to produce. (R. Doc. 27-3 at 3, 7, 9). Defendants respond that they have provided all available photographs in their possession and that they have no video footage to produce. (R. Doc. 33 at 11-12).

Based on the record, it appears that Defendants have provided everything responsive that exists. Based on the foregoing, Plaintiff's Motion is denied with regard to Interrogatory No. 2 and Request for Production Nos. 7 and 20.

It is unclear, however, as to whether the photographs possessed by the Defendants is of significantly greater quality than the reproductions provided to the Plaintiff. Within 14 days of this Order, Defendants shall make the original photographs available to Plaintiff's counsel for inspection and copying, should Plaintiff's counsel wish to view such photographs.

Finally, although the images / photographs have been produced, it is not clear as to whether Defendants provided the accompanying information regarding the individual who

6

prepared them. (R. Doc. 27-6 at 1-2). To the extent that information has not been provided and is at issue in this matter, Defendants shall supplement their production to include this information for each image within 14 days.

### 2. Medical Records

Plaintiff's Request for Production No. 11 seeks the production of "any medical or health care, employment, or income related record" regarding Plaintiff. (R. Doc. 27-4 at 6). Defendants responded that they do not have any "such records except what might be included in the file of complainant which is attached hereto, except pre-sentence investigations which are privileged and redacted therefrom." (R. Doc. 27-6 at 6).

Plaintiff asserts that the medical records provided by Defendants are "in shambles," are "out of sequence," and "do not contain treatment for the date of the incident of this instant litigation." (R. Doc. 27-3 at 8). Plaintiff requests the production of certified copies of the medical records in response to this discovery request. In response, Defendants represent that on April 5, 2016, they hand delivered to Plaintiff's counsel an "electronic version" of his medical records with a certification. (R. Doc. 33 at 12; R. Doc. 33-1 at 153).

As set forth above, rather than engage in a meaningful conference in order to resolve any discovery dispute, Plaintiff filed the Motion to Compel two days after this electronic production. Plaintiff has provided no specific argument as to the insufficiency of this certified production. Defendants appear to have provided exactly what Plaintiff requests in the Motion to Compel. According, the motion is denied with regard to Request for Production No. 11.

### 3. Previous ARPs and Disciplinary Actions

Together, Plaintiff's Interrogatory No. 8 and Request for Production No. 13 request Defendants to "identify and include a DOC # for each inmate who has filed an ARP against any

7

of the Defendants herein for the period twelve months before and all ARPs since December 27, 2013 and the nature of that complaint/grievance" and to produce all identified ARPs (R. Doc. 27-4 at 4, 7).  Plaintiff's Interrogatory No. 9 requests Defendants to "explain" any previous discipline of each of the Defendants and "identify the Defendant, the event, the date and the action [taken]." (R. Doc. 27-4 at 5).  Defendants responded to these discovery requests on the basis that they were "unreasonably broad, general, and vague, and not reasonably calculated to lead to the discovery of admissible evidence and the attempt to answer same would be unreasonably burdensome." (R. Doc. 27-6 at 3, 7).

Plaintiff argue that the information and documents sought in the foregoing discovery requests is relevant and otherwise discoverable in light of the Court's rulings in *Harvey v. Davis*, No. 13-cv-311, ECF No. 66 (M.D. La. Oct. 24, 2015) and *Savoy v. Davis*, No. 14-cv-700, ECF No. 66 (M.D. La. Feb. 11, 2016), copies of which were provided to defense counsel prior to the filing of the instant motion to compel. (R. Doc. 27-3 at 5, 9).  In response, Defendants maintain that the discovery requests seek inadmissible character evidence and otherwise are too broadly stated as they are not limited to excessive force grievances or a reasonable period of time. (R. Doc. 33 at 9).

The Court agrees with Defendants that, as stated, the discovery request is overly broad. Consistent with the *Harvey* and *Savoy* rulings, the Court will limit the requests as follows: Defendants must (1) identify and include a DOC # for each inmate who has filed an ARP alleging the use of excessive force against any of the Defendants between October 1, 2013 and May 1, 2014; (2) produce the corresponding ARP after removing any medical records for the inmates who filed the ARPs; and (3) identify any disciplinary action taken with regard to the identified ARPs.  By limiting the production to a six-month window and requiring all ARPs to

8

be limited to excessive force claims, Defendants' concerns of overbreadth and undue burden are addressed. With regard to relevancy, the ARPs may contain information admissible for the other purposes than proving character. *See* Fed. R. Evid. 404(b)(2). If there are no ARPs that qualify given the limitations stated above, Defendant must provide a supplemental response expressly stating so.

Based on the foregoing, Plaintiff's Motion is granted in part and denied in part with regard to Interrogatory Nos. 8 and 9, and Request for Production No. 13. Defendants must provide supplemental responses within 14 days of the date of this Order.

### 4.     Personnel Files

Plaintiff's Request for Production No. 10 seeks production of "the personnel file for each Defendant including all use of force reports and disciplinary matters." (R. Doc. 27-4 at 6). Defendants responded by producing certain use of force reports, and otherwise objected on the basis of irrelevance, overbreadth, generalness, vagueness, and confidentiality concerns. (R. Doc. 27-6 at 6).

Plaintiff again argues that the requested documents are discoverable in light of the *Harvey* and *Savoy* rulings. (R. Doc. 27-3 at 7-8). Defendants did not raise any additional arguments in support of their objections.

Plaintiff's Request for Production No. 10, as stated, is overly broad as it is not limited in scope by time and/or subject matter. To the extent Plaintiff is seeking information regarding use of force and corresponding disciplinary matters, the supplemental responses to Interrogatory Nos. 8 and 9, and Request for Production No. 13, will sufficiently provide the information and documents that are within the scope of discovery as defined by the Court.

Based on the foregoing, Plaintiff's Motion is denied with regard to Request for Production No. 10.

### 5. Log Books and Rosters

Plaintiff's Request for Production No. 24 seeks production of copies of the following documents: (a) Unit log book; (b) The camp daily post roster; (c) Kitchen log book; (d) Camp shower tier roster; (e) Tower log book; and (f) ATU log book. (R. Doc. 27-4 at 8). Defendant responded to these discovery requests on the basis that they were "unreasonably broad, general, and vague, and not reasonably calculated to lead to the discovery of admissible evidence, would be unduly burdensome to respond, and could negatively impact safety and security," but offered that there is no "camp shower tier roster" or "ATU logbook." (R. Doc. 27-6 at 9). Defendants supplemented their response by providing "Dorm A Log Book." (R. Doc. 33-1 at 156-163) and statements by Assistant Warden Bruce Coston providing that he had no knowledge of any "ATV logbooks" and/or "Camp Shower Tier Rosters." (R. Doc. 33-1 at 164-170).

Plaintiff argues that the log books and rosters exist and have been ordered produced in other similar civil rights actions. (R. Doc. 27-3 at 9-11). Defendants argue that they have attempted to work with Plaintiff in narrowing the scope of this request. (R. Doc. 33 at 10-11).

While Plaintiff's seek specific types of log books and rosters, the request is overly broad because Plaintiff does not limit the log books and rosters to be produced to concern locations where the alleged incidents occurred or the time frame in which the alleged incidents occurred. The request is also vague to the extent the specific titles and/or descriptions of the log books and rosters listed in the request may not be used at Dixon.

Generally speaking, the log books and rosters limited in time and location are relevant for the purpose of identifying inmates and prison personnel who may have information regarding

10

Plaintiff's allegations.[3]  While Defendant objected on the basis of security concerns, the Court finds no basis for that objection as Defendant raises no specific arguments in support of the objection.  Accordingly, the Court will limit the instant discovery request to require Defendants to produce, in addition to the Dorm A Log Book, any entries in log books and/or rosters indicating inmates and/or prison personnel who were assigned to Plaintiff's cell block and/or the bathroom at issue on the date in question.

Based on the foregoing, Plaintiff's Motion is granted in part and denied in part with regard to Request for Production No. 24.  Defendants must provide supplemental responses within 14 days of the date of this Order.  If there are no additional log books and/or rosters that qualify given the limitations stated above, Defendant must provide a supplemental response expressly stating so.

### 6. Trial Exhibits

Plaintiff's Request for Production No. 4 seeks production of "any exhibits which [Defendants] may offer at the trial of this matter." (R. Doc. 27-4 at 5).  Defendants correctly objected to this discovery request on the basis that the Court's Scheduling Order provides a deadline to submit exhibit lists. (R. Doc. 27-6 at 4-5).

The deadline to submit a proposed pre-trial order, which must include exhibit lists, is set for November 25, 2016. (R. Doc. 15 at 2).  Defendants need not identify exhibits that may be used at trial until that time.

---

[3] The Motion to Compel also concerns Interrogatory No. 5, wherein Plaintiff requests that the Defendant "identify each guard who was present during the beating of [the Plaintiff]…".  After a review of the record, the Court concludes that Plaintiff failed to attempt any meaningful resolution of any dispute regarding this Interrogatory before filing the Motion to Compel.  To the extent there was a sufficient Rule 37 conference, it was not sufficient as to this Interrogatory. (R. Doc. 33-1 at 124 – no mention of Interrogatory No. 5).  Finally, there are more efficient, less burdensome ways to obtain this same information.  This Order, with respect to Request for Production 24, will cover the same subject matter.  According, the Motion to Compel is **DENIED** with respect to Interrogatory No. 5.

11

Based on the foregoing, Plaintiff's Motion is denied with regard to Request for Production No. 4.

### III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 27) is **GRANTED IN PART and DENIED IN PART**.  Defendants shall provide supplemental responses to Plaintiff's Interrogatory Nos. 2, 8, and 9; and Plaintiff's Requests for Production Nos. 13 and 24 within **14 days** of the date of this Order.  Defendants shall make any photographs previously identified or produced in response to Interrogatory No. 2 and Requests for Production Nos. 7 and 20 available to Plaintiff counsel's inspection and copying with **14 days** of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration (R. Doc. 28) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, in accordance with Rule 37(a)(5)(C), the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on July 25, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**