UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ADDARREN COTTONHAM**                        **CIVIL ACTION**

**VERSUS**                                            **NO. 14-729-JJB-RLB**

**JASON ALLEN ET AL.**

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (R. Doc. 50) of the Court's July 11, 2016 Order (R. Doc. 49). The Motion is opposed. (R. Doc. 52).

**I.      Background**

Plaintiff initiated this civil rights action on November 19, 2014, while incarcerated in the Dixon Correctional Institute ("Dixon") naming as defendants Captain Jason Allen; Sergeant Travis Rowland; Master Sergeant Raymond Green; Major Douglas Stroughter; and Colonel John Smith (collectively, "Defendants"). (R. Doc. 1). Plaintiff alleges that on December 27, 2013, he was subjected to body cavity searches and beaten by the Defendants in violation of the 8th and/or 14th Amendments of the U.S. Constitution.

On August 31, 2015, the Court entered a Scheduling Order (R. Doc. 15) providing deadlines based upon those submitted by the parties in a Joint Status Report (R. Doc. 14). The Court set, among other things, the deadline to amend the pleadings on November 30, 2015, and for trial to commence on February 21, 2017.

On October 21, 2015, Plaintiff filed an unopposed motion to dismiss Cpt. Allen and Sgt. Travis Rowland as defendants without prejudice. (R. Doc. 18). The district judge granted the motion. (R. Doc. 19).

On December 22, 2015, the Court granted the parties' joint motion for an extension of the discovery deadlines and extended the non-expert discovery deadline to April 29, 2016 and the expert discovery deadline to May 30, 2016. (R. Doc. 21). The Court did not extend the deadline to provide expert reports.

On April 8, 2016, Plaintiff filed a Motion to Amend (R. Doc. 29), which sought leave to add Major Michael Allen as a defendant because he wrongly identified his brother Cpt. Jason Allen, as the proper defendant. Although the motion did not specifically request or otherwise argue that leave should be granted to rename Sgt. Rowland as a defendant, the proposed pleading identified Sgt. Rowland as a defendant. In opposition, Defendants argued that the amendment should be denied as untimely because Plaintiff was not diligent in seeking amendment despite being provided a document on September 25, 2015 indicating that Michael Allen (and not Jason Allen) was the correct defendant, and because the proposed Amended Complaint reasserted claims against the dismissed defendant Sgt. Rowland. (R. Doc. 30).

On July 11, 2016, the Court denied Plaintiff's Motion to Amend without prejudice. (R. Doc. 49). While the Court found that Plaintiff had available to him information to identify the correct Allen brother as a defendant as early as September 25, 2015, the Court further observed that there was no evidence of bad faith or dilatory motive on the part of Plaintiff; there had been no repeated failure to cure deficiencies through previous amendments; it did not appear that allowing the amendment would result in undue prejudice to the named Defendants; and that any prejudice can be cured through a continuance. (R. Doc. 49 at 4). The Court did not make a specific finding of good cause to allow amendment to name Maj. Allen as a defendant. The Court did, however, make a specific finding that Plaintiff did not establish good cause to rename

Sgt. Rowland as a defendant. (R. Doc. 49 at 4-5).  The Court granted Plaintiff leave to renew his motion to amend to add Maj. Allen as a defendant by July 18, 2016.  (R. Doc. 49 at 6).

On July 14, 2016, Plaintiff filed the instant motion for reconsideration on the basis that there is good cause for adding both Maj. Allen and Sgt. Rowland as defendants in this action. (R. Doc. 50).  Given that the Court provided leave to Plaintiff to file a renewed motion to amend with regard to Maj. Allen, the Court will evaluate Plaintiff's motion with regard to Maj. Allen as a renewed motion to amend.  The Court will evaluate Plaintiff's motion with regard to Sgt. Rowland as a true motion for reconsideration of the earlier finding that Plaintiff has not established good cause for leave to amend to rename Sgt. Rowland as a defendant in light of Plaintiff's voluntary dismissal of Sgt. Rowland earlier in the proceeding.

## II.     Law and Analysis

### A.     Major Michael Allen

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

3

prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, the Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist*., 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants point out that Plaintiff has presented no additional evidence demonstrating that Plaintiff was diligent in naming Maj. Allen as a defendant.  While Plaintiff represents that it was not until his counsel's review of ARP files and the Warden's Unusual Reports and Disciplinary Reports in March of 2016 that Plaintiff determined that Maj. Allen was the correct defendant, the Court agrees with Defendants that Plaintiff should have been more diligent in identifying Maj. Allen as a defendant based on the information produced in initial disclosures and discovery.  That said, the amendment is important to Plaintiff as it substitutes an individual

4

defendant incorrectly identified in light of the individual's surname in common with another Dixon employee.  Furthermore, as stated in the Court's July 11, 2016 Order, there is no evidence of bad faith or dilatory motive on the part of Plaintiff; Plaintiff has not repeatedly failed to cure deficiencies through previous amendments; it does not appear that allowing this amendment would result in undue prejudice to the named Defendants; and any prejudice can be cured through a continuance. (R. Doc. 49 at 4).  Based on the foregoing, the Court finds good cause to allow Plaintiff to amend his Complaint to name Maj. Allen as a defendant.

      **B.**      **Sergeant Travis Rowland**

Plaintiff has asked that the Court reconsider its previous denial of leave to amend the Complaint to add Sgt. Rowland as a defendant after he was dismissed from this action in October of 2015.[1]

Plaintiff has not established that the Court should modify its earlier decision to deny Plaintiff leave to amend the Complaint to name Sgt. Travis Rowland as a defendant.  In support of reconsideration, Plaintiff points to testimony provided by Sgt. Rowland at his deposition on October 20, 2015, the day before Plaintiff moved to dismiss Sgt. Rowland. (R. Doc. 50-5).  Plaintiff provides no explanation how this deposition testimony, which apparently supported Plaintiff's decision to dismiss Sgt. Rowland as a defendant (if not served as the very catalyst for the decision to dismiss Sgt. Rowland as a defendant) now supports a finding that Sgt. Rowland should be renamed as a defendant.  Plaintiff also asserts that Sgt. Rowland's "name appears" in

---

[1] Courts have looked to Rule 59(e) of the Federal Rules of Civil Procedure when evaluating motions for reconsideration. *Nalls v. Lasalle*, No. 13-103, 2013 WL 4782149, at *1 (M.D. La. Sept. 5, 2013) (analyzing motion for reconsideration of ruling denying motion to amend and supplement pursuant to Rule 59(e)). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotations omitted).  However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479.  Instead, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (citations and quotations omitted).

5

the Warden's Unusual Occurrence Reports and ARP responses. (R. Doc. 50-1 at 3). Plaintiff does not represent that this information was provided by Defendants after the dismissal of Sgt. Rowland, or otherwise why this information supports a finding that Sgt. Rowland should be named as a defendant in this action.

In short, Plaintiff makes no attempt to address the factors relevant to a determination of whether there is good cause to allow a party to amend the pleadings after a deadline set by the Court. Plaintiff merely raises arguments he failed to raise in the first instance. Even if the Court considered those arguments, they still would not support a finding of good cause for allowing amendment to rename Sgt. Rowland as a defendant.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 50) is **GRANTED IN PART and DENIED IN PART**. The Court finds good cause, pursuant to Rule 16(b)(4), to allow Plaintiff to name Major Michael Allen as a defendant. Plaintiff shall file into the record, **on or before November 10, 2016**, an Amended Complaint naming Major Michael Allen as a defendant in this action. The Amended Complaint shall be identical to the proposed pleading filed on April 8, 2016 (R. Doc. 29-3) with the exception that Sergeant Travis Rowland shall be removed as a named defendant in Paragraph 3 of the Amended Complaint and from the caption of the Amended Complaint, as he has been dismissed from this matter.

Signed in Baton Rouge, Louisiana, on November 3, 2016.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**